## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **BRAD ISHAM,** | ) |
| Plaintiff, | ) |
| v. | ) **Case No. 13-1098-RDR** |
| **THE BOEING COMPANY,** | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This case was originally filed in state court and has been removed to this court. Plaintiff brings three state common law claims for: negligent misrepresentation, fraud through silence and fraud. This action is now before the court upon defendant's motion to dismiss for failure to state a claim. Defendant contends that this case should be dismissed because plaintiff's state law claims are preempted under the federal ERISA statute. This raises an often difficult issue.[1] It is perhaps more difficult here because plaintiff asserts in response to the motion to dismiss that he is not making a claim for lost ERISA plan benefits. Plaintiff claims that he is seeking to recover for the economic loss he sustained by electing to retire when he was misled by defendant into doing so. Doc. No. 17, p. 5. This

---

[1] The Tenth Circuit has remarked that "any court forced to enter the ERISA preemption thicket sets out on a treacherous path." Kidneigh v. UNUM Life Ins. Co. of Am., 345 F.3d 1182, 1184 (10th Cir. 2003) cert. denied, 540 U.S. 1184 (2004)(quoting Gonzales v. Prudential Ins. Co., 901 F.2d 446, 451-52 (5th Cir. 1990).

assertion is neither confirmed nor contradicted by the allegations in the complaint which generally ask for actual and compensatory damages, but do not specifically describe the losses for which plaintiff seeks damages. For the reasons discussed below, the court is not convinced at this stage that the objectives of ERISA would be compromised by permitting this case to go forward upon plaintiff's state law claims. Therefore, the court shall deny defendant's motion to dismiss.

Defendant also alleges that plaintiff has not pleaded his fraud claims with sufficient specificity to conform with FED.R.CIV.P. 9(b). But, plaintiff has filed a motion for leave to file an amended complaint which elaborates upon his fraud allegations. Defendant does not oppose the motion to amend on any grounds other than the preemption arguments which defendant asserts make plaintiff's attempt to amend futile. Because the court rejects defendant's preemption arguments, the court shall permit this case to go forward upon the amended complaint.

I. 12(b)(6) standards

In ruling upon a motion to dismiss brought pursuant to FED.R.CIV.P. 12(b)(6), the court assumes as true all well-pleaded factual allegations in the complaint and determines whether they plausibly give rise to an entitlement of relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

II. <u>Plaintiff's allegations</u>

The following recitation of plaintiff's allegations is taken from Exhibit A to Doc. No. 18 which is plaintiff's proposed first amended complaint. Plaintiff alleges that he was a long-term managerial employee of defendant who was forced to take a leave of absence from his employment, with defendant Boeing's approval, after incurring physical and mental impairments. Plaintiff further alleges that he requested and received from defendant certain information as to the benefits he would enjoy as an existing employee and as a Boeing retiree. According to plaintiff, he was told by defendant that he would retain his Boeing life insurance benefit should he elect to retire in lieu of attaining Boeing long-term disability benefits. Plaintiff asserts that he was never told by defendant that he would be required to attain active-duty employment status after returning from his leave of absence in order to be considered eligible for his full benefit package, including the company life insurance policy; nor was he told that his prior, involuntary cessation of long-term disability benefits would work a forfeiture of those benefits. Plaintiff asserts that he relied upon defendant's advice and failure to warn when he retired without returning to active-duty status. Thereafter, according to the complaint, plaintiff was informed that his

entire Boeing retirement entitlements were in full force and effect. This continued for three years until February 2011 when plaintiff was notified by defendant for the first time that his entitlement to a premium-free Boeing life insurance policy with a face value of $223,000 was no longer valid. Defendant is alleged to have told plaintiff that plaintiff was not entitled to the life insurance policy because plaintiff had not returned to an active-duty status before notifying Boeing of his decision to retire and that his prior, involuntary cessation of long-term disability benefits would cause a forfeiture of the benefits. Plaintiff asserts that he would not have retired if he had known what Boeing now contends were his actual rights as an employee.

Plaintiff generally prays for actual and compensatory damages to compensate him for losses sustained as a result of defendant's alleged negligence and fraud. Plaintiff alleges that his "damages were suffered in connection with a transaction that defendant intended to influence, to wit plaintiff's decision as to whether to retire from Boeing." Doc. No. 18-1, ¶¶ 26, 36.

III. <u>The court is not convinced that plaintiff's alleged state law claims seek relief which is contrary to the objectives of ERISA and warrants preemption.</u>

Defendant contends that plaintiff's claims are "fundamentally claims for the recovery of benefits under an ERISA employee benefit plan" and that they are preempted under

4

29 U.S.C. § 1144(a) because they "relate to" an ERISA-regulated employee benefit plan. Doc. No. 13, p.6. Section 1144(a) provides that ERISA "shall supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan. . . ."

Plaintiff denies that he is seeking the recovery or reinstatement of any ERISA-regulated benefit of employment. Plaintiff states that he "intends to seek the accrued worth of his financial losses arising from his wrongfully-induced retirement from Boeing in 2007." Doc. No. 17, p. 3. Plaintiff specifically denies that he seeks the worth or value of any life insurance policy guaranteed to Boeing employees.[2]

A. Preemption factors

To repeat, § 1144(a) states that ERISA "shall supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan. . . ." Whether the state common-law rules governing misrepresentation and fraud "relate to" an ERISA plan, requires the court to consider the objectives of ERISA as well as the nature of the effect of the state laws on ERISA plans, since the state common-law rules governing

---

[2] Plaintiff also argues that the court should consider the result in Felix v. Lucent Technologies Inc., 387 F.3d 1146 (10th Cir. 2004). The court, however, agrees with defendant that Felix concerns an issue of preemption under a different section of ERISA - - so-called "complete preemption" under § 502(a) - - instead of preemption under § 514 of ERISA which is the section argued by defendant in this case. This court has diversity jurisdiction which supports the removal of this case and therefore, the court does not need to consider the issue of "complete preemption" that was decided in Felix.

5

misrepresentation and fraud do not expressly refer to employee benefit plans. See Egelhoff v. Egelhoff, 532 U.S. 141, 147 (2001); New York State Conf. of Blue Cross and Blue Shield Plans v. Travelers Ins. Co., 514 U.S. 645, 656 (1995). This represents a shift in analysis of preemption issues as recognized by the Tenth Circuit in Carroll v. Los Alamos National Security, LLC, 407 Fed.Appx. 348 (10th Cir. 1/19/2011). There, the court stated that the "Supreme Court has go[ne] beyond the unhelpful text and the frustrating difficulty of defining ['relate to'] in favor of look[ing] instead to the objectives of the ERISA statute as a guide to the scope of the state law that Congress understood would survive." Id. at 352 (quoting, De Buono v. NYSA-ILA Med. & Clinical Servs. Fund, 520 U.S. 806, 813-14 (1997)).

The Tenth Circuit has described the objectives of ERISA as follows:

> In enacting ERISA, Congress intended to "protect . . . the interests of participants in employee benefits plans and their beneficiaries . . . by establishing standards of conduct, responsibility, and obligation for fiduciaries of employee benefit plans, and by providing for appropriate remedies." 29 U.S.C. § 1001(b). Preemption of state law works toward that end by subjecting plans and plan sponsors to a uniform body of law and minimizing the administrative and financial burdens of complying with conflicting directives among states or between states and the federal government.

Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co., 170 F.3d 985, 990 (10th Cir. 1999). The Tenth Circuit has also recognized four categories of state laws that "relate to" a benefit plan and are preempted by ERISA:

> (1) laws regulating the type of benefits or terms of ERISA plans;
> (2) laws creating reporting, disclosure, funding or vesting requirements for such plans;
> (3) laws providing rules for calculating the amount of benefits to be paid under such plans; and
> (4) laws and common-law rules providing remedies for misconduct growing out of the administration of such plans.

Id. Here, of course, we are concerned with the fourth category and asking, under the facts alleged by plaintiff, whether generally applicable common-law rules governing fraud and misrepresentation are being invoked by plaintiff to provide remedies for misconduct growing out of the administration of an ERISA plan.

Preemption is not appropriate "if the state law has only a tenuous, remote, or peripheral connection with ERISA plans as is the case with many laws of general applicability." District of Columbia v. Greater Wash. Bd. of Trade, 506 U.S. 125, 130 n. 1 (1992)(quotations and citations omitted). The Tenth Circuit has stated that "[c]laims that solely impact a plan economically generally" are not preempted. David P. Coldesina, D.D.S. v. Estate of Simper, 407 F.3d 1126, 1136 (10th Cir. 2005). Moreover, claims which refer to ERISA plan components simply to

7

determine whether the elements of negligent misrepresentation can be established or to calculate damages do not mandate preemption. See Carroll, supra. The Tenth Circuit has stated that "[t]he fact that an ERISA plan was merely part of the means by which [a defendant] allegedly fraudulently procured plaintiffs' dismissal does not necessarily compel the conclusion . . . that that state law claim is 'premised on' the existence of an ERISA-covered plan." Raymond v. Mobil Oil Corp., 983 F.2d 1528, 1538 n. 14 (10th Cir.) cert. denied, 510 U.S. 822 (1993). Unless the state law claim affects "'the structure, the administration, or the type of benefits provided by an ERISA plan, the mere fact that the law has some economic impact on the plan does not require that the law be invalidated.'" Coldesina, 407 F.3d at 1136 (quoting Airparts Co. Inc. v. Custom Benefit Servs. of Austin, 28 F.3d 1062, 1065 (10th Cir. 1994)). "What triggers ERISA [preemption] is not just any indirect effect on administrative procedures but rather an effect on the primary administrative functions of benefits plans, such as determining an employee's eligibility for a benefit and the amount of that benefit." Airparts Co., Inc. v. Custom Ben. Services, 28 F.3d 1062, 1065 (10th Cir. 1994)(interior quotations omitted). "'[L]aws that have been ruled preempted are those that provide an alternative cause of action to employees to collect benefits protected by ERISA, refer specifically to ERISA plans and apply

solely to them, or interfere with the calculation of benefits owed to an employee. Those that have not been preempted are laws of general application – often traditional exercises of state power or regulatory authority – whose effect on ERISA plans is incidental.'" Monarch Cement Co. v. Lone Star Indus., Inc., 982 F.2d 1448, 1452 (10th Cir. 1992)(quoting Aetna Life Ins. Co. v. Borges, 869 F.2d 142, 146 (2d Cir.) cert. denied, 493 U.S. 811 (1989)). But, "ERISA preemption is triggered when there is an effect on the primary administrative functions of benefit plans." Kisor v. Advantage 2000 Consultants, Inc., 799 F.Supp.2d 1204, 1212 (D.Kan. 2011). It is also important to consider whether the claim affects the relationship between principal ERISA entities. "[C]laims that do not affect the 'relations among the principal ERISA entities, the employer, the plan, the plan fiduciaries and the beneficiaries' are not preempted." Id. (quoting Woodworker's Supply, 170 F.3d at 990).

    B. Analysis of defendant's arguments for preemption

Although plaintiff contends that he does not seek to recover any benefit encompassed by an ERISA plan in this action, defendant maintains that preemption is still mandated because the foundation for plaintiff's claims are that plaintiff was misled regarding his entitlement to coverage under an ERISA plan and that this induced him to retire to his economic detriment. Defendant argues that to establish the fraud and

misrepresentation claims alleged in the complaint, plaintiff would have to establish: the terms of the ERISA plan; what terms were or were not communicated to him; how those communications differed from the terms of the plan; whether there was a miscommunication or a "noncommunication"; whether the communicator knew the true terms of the plan; whether plaintiff possessed the plan's documents; and the reasonableness of his reliance upon the alleged misrepresentations. Defendant asserts that this will require the court to analyze the plan's terms and plaintiff's eligibility. Doc. No. 19, p.9.

These arguments are not sufficient to warrant a finding of preemption on the face of the pleadings. Defendant's arguments focus upon the fact that plaintiff's claims "refer" to an ERISA plan. But, as mentioned earlier, the Supreme Court seems to have shifted somewhat away from asking the broad question of whether the state law "refers" to an ERISA plan toward acknowledging the normal presumption against preemption of state law and looking at whether the objectives of the ERISA statute would survive the application of the state law. De Buono, 520 U.S. at 813-14. Defendant does not argue that allowing plaintiff's claims to continue would be contrary to protecting the interests of plan participants or that it would increase the administrative or financial burden of operating an employee benefit plan. For instance, plaintiff's claims do not appear to

10

threaten the fundamental premise that the right to receive ERISA benefits derives from the written terms of the plan. While it may be argued that plaintiff's claims grow out of the administration of an employee benefit plan, that does not necessarily require preemption if the effect is incidental.[3] There is no persuasive argument before the court at this moment that plaintiff's state law claims would have more than an incidental effect upon the ERISA plan. Nor does defendant argue that the structure or type of benefits provided by the ERISA plan will be impacted by plaintiff's claims. Finally, while plaintiff's claims appear to involve relations between plan participants and an employer, the court does not believe this is sufficient by itself to justify preemption.

Defendant has cited various Tenth Circuit cases in support of its preemption argument. We find these cases to be distinguishable. We also note that most of the cases were decided before the Supreme Court's shift in analyzing the issue.

In Straub v. Western Union Telegraph Co., 851 F.2d 1262 (10th Cir. 1988), the plaintiff made a claim for increased pension benefits while arguing that defendant committed breach

---

[3] We observe that some state laws which do impose some burdens on the administration of ERISA plans have been held not to "relate to" the plans for the purposes of preemption analysis. Id. at 815-16; see also, Mackey v. Lanier Collection Agency & Service, Inc., 486 U.S. 825, (1988)(acknowledging that lawsuits may be brought against ERISA plans for "run-of-the-mill state-law claims such as unpaid rent, failure to pay creditors, or even torts committed by an ERISA plan").

11

of contract and negligent misrepresentation. The Tenth Circuit held that the claims were preempted by ERISA and compared the claims to those in Anderson v. John Morrell & Co., 830 F.2d 872 (8th Cir. 1987) where it was alleged that oral representations amounted to an offered promise of improved benefits accepted by the employee's performance of work. Id. at 1264. Thus, it appears in Straub, unlike this case, plaintiff was making a claim for benefits and that the claim might affect the structure of how benefits were paid by the plan.

In Kelley v. Sears, Roebuck and Co., 882 F.2d 453 (10th Cir. 1989), the plaintiff brought a common-law bad faith claim against an insurance company in charge of handling a claim against a long-term disability policy which was provided as an employee benefit. The plaintiff contended that the company miscalculated his benefits and refused to cash out his policy. Unlike the allegations currently before the court, the complaint concerned the loss of benefits and the alleged misadministration of benefits.

In Settles v. Golden Rule Ins. Co., 927 F.2d 505 (10th Cir. 1991), the plaintiff claimed that the death of her husband was caused by a stress-induced heart attack resulting from the wrongful termination of his insurance coverage. The court ruled that the state law claims brought by the plaintiff were preempted because the alleged injury was directly tied to the

12

termination of plan benefits and thus concerned the improper administration of the plan.  Id. at 509.  Here, it does not appear that plaintiff is alleging his plan benefits were improperly terminated.

In Wilcott v. Matlack, Inc., 64 F.3d 1458 (10th Cir. 1995), the plaintiff asserted negligent and fraudulent misrepresentation claims (as well as other state tort claims) alleging that he relied to his detriment upon a representation that utilizing disability leave would not jeopardize his job and that he lost access to short-term and long-term disability benefits.  The circuit court held that some of the state law claims were not preempted, but that the misrepresentation claims were preempted because they related to whether an employee's disability benefits were secured by guarantees against adverse job consequences.  Id. at 1464.  Once again, the case at bar appears distinguishable because plaintiff is not alleging he was discharged for exercising his right to benefits under the plan.

Finally, in Karls v. Texaco, Inc., 139 Fed.Appx. 29 (10th Cir.) cert. denied, 546 U.S. 961 (2005), the plaintiff brought breach of contract and fraud allegations relating to the administration of his benefit request.  The plaintiff alleged that the benefit payments were too small and were not commenced at the proper time.  These claims appear to relate more to a

claim for plan benefits and to the administration of an ERISA plan than the allegations in the present case.

IV. <u>Plaintiff's fraud claims as alleged in the proposed amended complaint shall not be dismissed.</u>

Defendant's motion argues that plaintiff's fraud claims are not alleged with sufficient specificity. Plaintiff, however, has asked for leave to file an amended complaint which adds allegations to his fraud claims. In response to plaintiff's motion for leave to amend, defendant suggests that granting leave to amend or proceeding upon the amended complaint would be futile because plaintiff's fraud claims are preempted by ERISA. Defendant does not assert that the amended complaint is too vague or otherwise in violation of FED.R.CIV.P. 9(b). The court has now rejected defendant's preemption arguments on the basis of the allegations currently before the court. Accordingly, the court finds that plaintiff should be permitted leave to file the amended complaint and the court shall reject defendant's arguments to dismiss plaintiff's fraud claims.

V. <u>Conclusion</u>

For the above-stated reasons, defendant's motion to dismiss (Doc. No. 12) shall be denied and plaintiff's motion to amend the complaint (Doc. No. 18) shall be granted.

**IT IS SO ORDERED.**

Dated this 22nd day of May, 2013, at Topeka, Kansas.

                                         *s/Richard D. Rogers*
                                         United States District Judge